UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

THOMAS E. PEREZ, Secretary of Labor,
UNITED STATES DEPARTMENT OF
LABOR,

                Plaintiff,

v.

STARS CLEANING, INC., an Oregon
corporation d/b/a STARS CLEANING
SERVICE; ESTELA RAMOS, an individual

                Defendants.

Case No.:  3:15-cv-1127

JOINT [PROPOSED] TEMPORARY
RESTRAINING ORDER

This matter came before the Court on the ex parte motion of Thomas E. Perez, Secretary of Labor, U.S. Department of Labor (the "Secretary") for a temporary restraining order under Federal Rule of Civil Procedure 65 and Section 17 of the Fair Labor Standards Act of 1938 ("FLSA") , 29 U.S.C. § 217, and an order to show cause why a preliminary injunction should not issue enjoining Defendants Stars Cleaning, Inc. d/b/a Stars Cleaning Service and Estela Ramos (collectively "Defendants") from unlawfully interfering with and obstructing the Secretary's investigation of Defendants' compliance with the FLSA and intimidating, threatening, and retaliating against Defendants' current and former employees for cooperating with the

Secretary's investigation, in violation of the investigatory and anti-retaliation provisions of the FLSA.

On June 22, 2015, Plaintiff filed suit against Defendants for (1) acts and threats of retaliation by Defendants against their employees; and (2) obstruction of the Secretary's investigation of violations of the FLSA.  The Complaint seeks injunctive relief under sections 11(a), 15(a)(3), and 17 of the FLSA, 29 U.S.C. §§ 211(a), 215(a)(3), and 217.

The Secretary presented evidence in support of his motion, demonstrating that Defendants were under investigation by the Wage and Hour Division of the U.S. Department of Labor ("Wage and Hour") for violations of the FLSA, that Defendants threatened employees if they cooperated with the investigation and directed employees to give false information to the Secretary, that employees are scared to talk to the Wage and Hour Investigators, and that Defendants have changed their time keeping system to not record all hours worked by the employees.  Defendants' conduct is likely to violate the FLSA's investigative and anti-retaliation provisions.  *See* 29 U.S.C. §§ 211(a), 215(a)(3).  Further, if Defendants' conduct is not immediately rectified, the Secretary's ability to enforce the FLSA—which Congress enacted in the public interest—will be irreparably harmed.

The Secretary, having presented evidence in support of the temporary restraining order, and good cause for its issuance having been shown, the Court GRANTS the motion for a temporary restraining order as follows:

<u>TEMPORARY RESTRAINING ORDER</u>

PENDING THE HEARING on the Secretary's preliminary injunction, the Court hereby ENJOINS Defendants Stars Cleaning, Inc. d/b/a/ Stars Cleaning Service and Estela Ramos,

including their agents, family members, attorneys, employees, and all those in active concert or participation with Defendants as follows:

1.    Defendants are enjoined from terminating or threatening to terminate, reporting or threatening to report to immigration authorities, or retaliating or discriminating against their employees in any other way, based on Defendants' belief that the employee spoke with or will speak with a U.S. Department of Labor, Wage and Hour Division investigator;

2.    Defendants are enjoined from telling anyone who works for them not to speak to representatives of the Secretary or to provide false information to the Secretary regarding the terms and conditions of his or her employment, or directing anyone who works for them to confiscate or destroy any documents or business cards provided by the Secretary's representatives;

3.    Defendants are enjoined from obstructing the Secretary's investigation in any way;

4.    Within one week of this Order, Defendants shall permit a representative of the Secretary, in the presence of Defendant Estela Ramos, to read aloud in both English and Spanish on Monday, June 29, 2015, on or after 7:00 a.m., when all employees have reported to work at Defendants' office, the following statement to all employees employed by Stars Cleaning Service or Estela Ramos, informing them of their right to speak with representatives of the Secretary free from retaliation or threats of retaliation or intimidation by Defendants:

> You are protected by the Fair Labor Standards Act and have the right to participate freely in the U.S. Department of Labor's investigation into your employer's pay practices. You have the right to speak freely with investigators or other officials from the Department of Labor. Your employer is prohibited from retaliating against you in any way because you spoke with the Department of Labor.

JOINT [PROPOSED] TEMPORARY RESTRAINING ORDER

*Secretary of Labor v. Stars Cleaning et al.* (Case No.  3:15-cv-1127)

The U.S. District Court for the District of Oregon has ordered Star Cleaning Service and Estela Ramos, and anyone acting on their behalf, not to coerce, retaliate against, threaten to retaliate against, intimidate, or attempt to influence or in any way threaten employees for providing information to the Department of Labor.

*Usted está protegido por la Ley de Normas Justas de Trabajo y tiene el derecho de participar libremente en la investigación del Departamento de Trabajo. Usted tiene el derecho de hablar libremente con investigadores o otras personas del Departamento de Trabajo. Su empleador está prohibido de hacer represalias contra de usted de cualquier manera incluyendo la terminación de usted, porque usted hablo con el Departamento de Trabajo.*

*El Tribunal Federal de Distrito del Oregon ha ordenado que Star Cleaning Service y Señora Ramos, y cualquier persona que actúe en el nombre de ellos, no coercer, hacer represalias, o vindicar o amenazar o intimidaro intentar influir o amenazar de cualquier manera los empleados por dar información al Departamento de Trabajo. El Tribunal ha prohibido que el señora Ramos contacte o comunique con empleados de Star Cleaning Services acerca de cualquier comunicación entre ellos y el Departamento de Trabajo.*

5.      Defendants shall permit representatives of the Secretary to interview willing employees in attendance in private during the employees' paid working hours for up to half an hour each;

6.      Defendants shall post at the office of Stars Cleaning Service a hard copy of the statement included in paragraph 4 above, in both English and Spanish, and permit a representative of the Secretary to provide each employee with a copy of the written statement, in English and in Spanish, as well as contact information for the Secretary's representatives;

7.      Defendants shall, prior to discharging any employee for any reason, provide a written notice to the Wage and Hour division of the U.S. Department of Labor at least seven days prior to any involuntary termination of employment. In the event that Defendants determine that an employee must be removed from the workplace for a reason constituting just

cause for discharge and/or affecting the immediate health or safety of any person, Defendants may suspend the employee pending opportunity to investigate the circumstances giving rise to the suspension and potential discharge. Defendants shall notify the Secretary of the suspension within 24 hours;

8.   Defendants shall provide to the Secretary's investigators a list of persons employed in the past three years, including former employees, with their address, phone number, cell phone number, email, hourly rate or salary, job title, hire date, and termination date if applicable; and

9.   The parties agree that this Temporary Restraining Order shall remain in effect until further order of the Court.

IT IS SO ORDERED.

Dated this 26th day of June, 2015.

_____
HONORABLE DISTRICT JUDGE ANNA J. BROWN

JOINT [PROPOSED] TEMPORARY RESTRAINING ORDER
*Secretary of Labor v. Stars Cleaning et al.* (Case No. 3:15-cv-1127)
Page 5 of 5